# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3860 | **DATE** | 8/27/2004 |
| **CASE TITLE** | Nathaniel Benson vs. Equifax Information Services, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Peoples Gas Light and Coke Company's Answer is stricken in its entirety, with Peoples Gas' counsel being authorized to file a proper self-contained Amended Answer in this Court's chambers on or before September 8, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 30 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 19 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 8/27/2004 | |
| | | 2004 AUG 27 PM 3:51 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATHANIEL BENSON, )
)
        Plaintiff, )
)
v. ) No. 04 C 3860
)
EQUIFAX INFORMATION SERVICES, LLC, )
et al., )
)
        Defendants. )

MEMORANDUM ORDER

Peoples Gas Light and Coke Company ("Peoples Gas")[1] has filed its Answer to the AC, including two affirmative defenses ("ADs"). Because that responsive pleading violates basic federal pleading principles in a number of respects, this memorandum order is issued sua sponte to send the Peoples Gas lawyer back to the drawing board.

To begin with, each of Answer ¶¶2, 19, 20, 21, 45, 46, 47 and 65 begins by stating that any statute cited in the corresponding AC paragraph "speaks for itself." As to the unacceptability of that usage, see App. ¶3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Moreover, from a substantive point of view:

---

[1] Counsel for plaintiff Nathaniel Benson ("Benson") has mistakenly named that defendant as "People's Gas" in both his original Complaint and the currently-effective Amended Complaint ("AC"). Although Benson's counsel cannot be faulted for not knowing Peoples Gas' precise corporate name, an appropriate sanction for counsel's apostrophe usage is to order that he or she read Eats, Shoots & Leaves.

1. It is particularly critical that Answer ¶2 must comply with the mandate of the first sentence of Fed. R. Civ. P. ("Rule") 8(b) by admitting or denying the allegations in AC ¶2--after all, any dispute as to this Court's subject matter jurisdiction must be identified up front.

2. As to many of the cited paragraphs of the Answer, counsel cannot in good conscience state simply that Peoples Gas "denies any allegations not consistent therewith" ("therewith" referring to the cited statute or statutes), for neither Benson's counsel nor this Court is a mindreader, capable of divining what allegations Peoples Gas' counsel may consider to be "not consistent" with a particular statute.

Next, even though the Peoples Gas counsel is obviously familiar with the type of disclaimer that is required to get the benefit of a deemed denial under the second sentence of Rule 8(b)(see the proper usage in Answer ¶¶3-5, 7 and 8), most of the Answer's paragraphs that contain an attempted disclaimer mysteriously depart from the required locution (see Answer ¶¶10, 12, 14, 16a to 16d, 17, 25, 26, 28, 36, 38, 42a to 42d, 43, 52, 54, 68, 69 and 70). In that respect, see App. ¶1 to State Farm. All of the flawed paragraphs of the Answer are therefore stricken, as are the Answer's paragraphs referred to in the

2

preceding paragraph.

Finally, AD 2 (which is essentially the equivalent of a Rule 12(b)(6) motion) appears to complain about the inadequacy of the <u>factual</u> allegations in the AC. But the federal courts operate under a notice pleading regime, so that any such charge is ill-founded. AD 2 is therefore also stricken, but without prejudice to Peoples Gas' potential reassertion of a like AD that specifies any substantive deficiency that counsel perceives in the AC.

Because so many paragraphs of the Answer are implicated in this memorandum order, it makes no sense for this Court to call for a patchwork amendment. Instead the Answer is stricken in its entirety, with Peoples Gas' counsel being authorized to file a proper self-contained Amended Answer in this Court's chambers (with copies to be contemporaneously transmitted to all other counsel in the case) on or before September 8, 2004. No charge is to be made to Peoples Gas by its counsel for the added work and expense incurred in correcting counsel's errors. Counsel for Peoples Gas is ordered to apprise the client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

Milton I. Shadur
Senior United States District Judge

Date: August 27, 2004